IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY WILKINS, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-1404-E-BK |
| | § | |
| DUNCANVILLE I.S.D., ET AL | § | |
| DEFENDANTS | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case was referred to the United States magistrate judge

for pretrial management. Doc. 3. The Court now considers the Duncanville Defendants'[1]

*Motion to Dismiss Plaintiff's First Amended Complaint (for Civil Rights Violations)*, Doc. 19,

the Mansfield Defendants'[2] *Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended

Complaint*, Doc. 21, and Plaintiff's *Motion for Default Judgment*, Doc. 25. Upon review, the

motion for default judgment should be **DENIED**, and the motions to dismiss should

be **GRANTED IN PART**.

## I. BACKGROUND

### A. Procedural History

Plaintiff, proceeding *pro se*, filed this suit in state court. Doc. 1-4. After Defendants

removed the case based on federal question jurisdiction, Doc. 1, and filed motions to dismiss,

---

[1] The "Duncanville Defendants" include Duncanville I.S.D., the Duncanville I.S.D. Police Department, Kathleen Brown, Matthew Garcia, Thomas Lovett, Chavela Hampton, Carl Jackson, Brandi McIntosh-Lee, Tiara Richard, Carol Rittiman, and Margarete Youree. Doc. 19 at 1.

[2] The "Mansfield Defendants" include Mansfield I.S.D., the Mansfield I.S.D. Police Department, Kimberley Cantu, Jim Vaszauskas, Greg Minter, Jimmy Dale Womack, and Raul M. Taylor. Doc. 21 at 1.

Doc. 5 & Doc. 9, Plaintiff amended her complaint, Doc. 18.  Defendants then filed the motions

to dismiss now before the Court, seeking dismissal of this action with prejudice.  Doc. 19; Doc.

21.  Shortly thereafter, Plaintiff filed a motion for default judgment arguing that Defendants

defaulted because they failed to answer her complaint.  Doc. 25 at 5-6.

**B.  Facts**

As best the Court can glean from her complaint, Plaintiff alleges that Defendants violated

her and her son's civil rights by failing to (1) "properly train, supervise, screen, discipline,

transfer, counsel, or otherwise control officers who are known, or should have been known, to

engage in the use of police misconduct, including those officers repeatedly accused of such

acts"; (2) " implement and/or enforce policies, practices, and procedures for the Defendant police

departments that respected Plaintiff's and her child's constitutional rights"; and (3) "adequately

supervise and discipline Defendant Taylor."[3]  Doc. 18 at 5-6.  Apparently, the claims relate to an

incident of alleged "child abuse" on May 2, 2018 involving an unnamed teacher and Plaintiff's

child at an elementary school in the Duncanville ISD.  Doc. 18 at 6.  What exactly happened,

who was involved, and Defendants' purported roles are unknown, as the complaint is devoid of

any further factual allegations.  Instead, Plaintiff dedicates the rest of the complaint to merely

listing her claims against Defendants and explaining her theory of damages.  Doc. 18 at 8-29.

## II. CLAIMS ON BEHALF OF MINOR CHILD

As an initial matter, Plaintiff attempts to assert claims on behalf of her minor son.  *See,*

*e.g.*, Doc. 18 at 2, 5.  However, as a *pro se* litigant, Plaintiff cannot represent a minor child—

---

[3] Plaintiff also asserts dozens of tort claims and lists a plethora of other laws Defendants
allegedly violated, including Title IX of the Education Amendments Act, the Texas Family
Code, and an array of federal criminal statutes.  Doc. 18 at 4, 13-22.

even her own minor child—who instead must be represented by a licensed attorney. *See*

*Sprague v. Dep't of Family & Protective Serv.*, 547 Fed. Appx. 507, 508 (5th Cir. Nov. 15, 2013*)*

("[B]ecause [the parent] is proceeding *pro se*, she may not assert claims on behalf of her minor

child."). As such, Plaintiff's claims purportedly filed on behalf of her minor child should be

summarily dismissed without prejudice.[4]

### III.  MOTION FOR DEFAULT JUDGMENT

Plaintiff argues Defendants defaulted because they failed to file answers within the

deadlines set by federal rules. Doc. 25 at 5-6. However, after removing this case, Defendants

timely filed motions to dismiss, Doc. 5 & Doc. 9, and amended motions to dismiss, Doc. 19 &

Doc. 21, after Plaintiff filed her amended complaint. Both motions were still pending when

Plaintiff filed her motion for default. A pending motion to dismiss satisfies the federal rule's

requirement to answer after removal, FED. R. CIV. P. 81(c)(2), and a defendant is not required to

file an answer until the court disposes of the motion to dismiss, FED. R. CIV. P. 12(a)(4)(a). Thus,

Plaintiff is not entitled to default judgment, and her motion should be denied.

### IV. DEFENDANTS' MOTIONS TO DISMISS

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual

allegations, it must set forth more than merely labels and conclusions; a formulaic recitation of

the elements of a cause of action will not satisfy the standard. *Id.* In making this determination,

---

[4] The statute of limitations will not bar the child's colorable claims while he is a minor. *See* TEX.
CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2016) (tolls the statute of limitations if the
plaintiff is under 18 years of age); *see also Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 984
(5th Cir. 1992)* (the statute of limitations will not begin to run until the child turns 18).

the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal

quotation marks and citations omitted).  However, the court cannot "accept as true conclusory

allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d

496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted).  To survive a motion to

dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

Nevertheless, *pro se* complaints must be held to a less rigorous standard than pleadings prepared

by lawyers. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987).

Here, both motions to dismiss allege, *inter alia*, that Plaintiff has failed to state a

plausible claim for relief.  Doc. 22 at 8.  Upon review of the first amended complaint, the Court

finds the arguments have merit.  Even under the most liberal construction, Plaintiff wholly fails

to state a legally cognizable claim against any Defendant.

In her first amended complaint, under the heading "FACTS," Plaintiff states only that

"ALL DEFENDANTS ARE LIABLE AS THE EVIDENCE WILL SHOW THE COURT."

Doc. 18 at 8.  Plaintiff then lists over 150 statutes, constitutional amendments, criminal offense

titles, and types of civil causes of actions.  Doc. 18 at 8-29.  This mere recitation, however, is not

enough. *See Twombly*, 550 U.S. at 545.  Under these circumstances, any claim Plaintiff is

attempting to assert is at best conclusory and wholly devoid of any factual enhancement.

Moreover, in her response to the Duncanville Defendants, Plaintiff suggests only that the facts

and evidence will be revealed at trial.  Doc. 37 at 2.  And to the extent Plaintiff attempts to allege

new facts against the Mansfield Defendants in her response, Doc. 51-1 at 4-5, the Court cannot

4

consider them in the context of the motion to dismiss.  *Sw. Bell Tel., L.P. v. City of Houston*, 529

F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for

failure to state a claim, the court considers, of course, only the allegations in the complaint.").

*Leave to Amend*

A court may dismiss a claim that fails to meet the pleading requirements but "it should

not do so without granting leave to amend, unless the defect is simply incurable or the [party] has

failed to plead with particularity after being afforded repeated opportunities to do so."  *Hart v.*

*Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  *Pro se* litigants in particular should be

offered an opportunity to amend a complaint before it is dismissed.  *Brewster v. Dretke*, 587 F.3d

764, 767-68 (5th Cir. 2009).

Here, since it is unclear what Plaintiff is attempting to allege, it is also unclear whether

Plaintiff can cure the noted defects in her first amended complaint.[5]  Moreover, Plaintiff is

proceeding without the assistance of counsel and, while she has previously amended her

complaint, she did so prior to the Court noting the deficiencies in her pleadings.  Thus, Plaintiff

should be given the opportunity to amend her complaint within 14 days of the district judge's

order accepting this recommendation.

## V.  CONCLUSION

For the reasons stated, Plaintiff's *Motion for Default Judgment*, Doc. 25, should be

**DENIED**.  The Duncanville Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint*

*(for Civil Rights Violations)*, Doc. 19, and the Mansfield Defendants' *Rule 12(b)(6) Motion to*

---

[5] While it has since been stricken from the record, it is noteworthy that, after Defendants filed
their amended motions to dismiss, Plaintiff filed a lengthy second amended complaint, Doc. 23,
(without first obtaining the consent of Defendants or the leave of Court), with numerous
attachments intimating new facts. *See, e.g.*, Doc. 35-1.  This suggests that Defendant might be
able to allege specific claims against specific defendants with the necessary factual enhancement.

*Dismiss Plaintiffs' First Amended Complaint*, Doc. 21, should be **GRANTED IN PART**.

Plaintiff's claims on behalf of her minor child should be summarily **DISMISSED WITHOUT**

**PREJUDICE**.    Plaintiff's claims on her own behalf against all Defendants should also be

**DISMISSED WITHOUT PREJUDICE**.  However, Plaintiff should be granted leave to amend

her complaint to state viable claims on her own behalf, if possible.  Should she fail to do so, at

the re-urging of Defendants, Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

     **SO RECOMMENDED** on March 8, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF
### RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).