IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRITTANY WILKINS,** | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:20-CV-1404-E-BK** |
| | § | |
| **DUNCANVILLE I.S.D., ET AL,** | § | |
|     **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 3. The Court now considers the Duncanville Defendants'[1] *Motion Reurging Motion to Dismiss Plaintiff's First Amended Complaint (for Civil Rights Violations)*, Doc. 62, and the like motion filed by the Mansfield Defendants,[2] Doc. 63. Upon review, the motions should be **GRANTED**.

**PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, filed this suit in state court. Doc. 1-4. After Defendants removed the case, Doc. 1, and filed motions to dismiss, Doc. 5 & Doc. 9, Plaintiff amended her complaint. Doc. 18. Defendants subsequently filed motions to dismiss the amended complaint with prejudice. Doc. 19; Doc. 21. On March 23, 2021, the Court dismissed Plaintiff's claims against Defendants without prejudice to her filing a second amended complaint curing the

---

[1] The "Duncanville Defendants" include Duncanville I.S.D., the Duncanville I.S.D. Police Department, Kathleen Brown, Matthew Garcia, Thomas Lovett, Chavela Hampton, Carl Jackson, Brandi McIntosh-Lee, Tiara Richard, Carol Rittiman, and Margarete Youree. Doc. 62 at 1.

[2] The "Mansfield Defendants" include Mansfield I.S.D., the Mansfield I.S.D. Police Department, Kimberley Cantu, Jim Vaszauskas, Greg Minter, Jimmy Dale Womack, and Raul M. Taylor. Doc. 63 at 1.

deficiencies in her amended pleading. Doc. 60 (report and recommendation) Doc. 61 at 2 (order accepting).

By the same order, the Court directed Plaintiff to file such amended complaint within 14 days and admonished her that failure to do so would lead to her claims being dismissed with prejudice. Doc. 61 at 2. However, as Defendants correctly note, Plaintiff failed to do so. Defendants thus filed the motions *sub judice* re-urging the Court to dismiss Plaintiff's claims with prejudice. Doc. 62 at 2; Doc. 63 at 2. Because nearly two months have passed since the deadline for Plaintiff to file a second amended complaint stating cognizable claims against Defendants and she has failed to comply, dismissal with prejudice is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motions should be **GRANTED**, and Plaintiff's claims against all Defendants should be **DISMISSED WITH PREJUDICE**. As no claims will remain, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on May 28, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF
## RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).